UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

BRIAN NEAL AUBREY                                                    PLAINTIFF

v.                                      CIVIL ACTION NO. 4:20-CV-P182-JHM

JENNY PHILLIPS et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Brian Neal Aubrey filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 civil-

rights action.  The complaint in this matter is before the Court for screening pursuant to

28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on*

*other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  For the following reasons, some claims

will be dismissed, and the remaining claims will be allowed to proceed.

## I. STATEMENT OF FACTS

Plaintiff is an inmate at the Daviess County Detention Center (DCDC).  He names as

Defendants DCDC Nurses Jenny Phillips and Cassandra Thompson in their individual and

official capacities.

Plaintiff alleges that on August 6, 2020, Defendant Thompson "violated my right to

proper medical treatment and housing in a safe environment when she refused to move me into

the medical unit."  He explains that he told her that he was having trouble with his balance due to

his muscular dystrophy and had almost fallen in the shower twice.  He states that she told him

that he had "conflicts in medical and that she could not move me."  He states, "As a result on

September 26th 2020 while showering [Plaintiff] lost my balance and fell" breaking his right

hand in two places.  He states that the break was confirmed by x-rays and an orthopedic surgeon.

He further states that on October 5, 2020, the inmates who had conflicts with him were moved

out of the medical unit and that he was finally moved into the medical unit.  He asserts that the

other inmates had no medical conditions mandating housing in the medical unit and could have

been moved on August 6, 2020.  He states, "A previous history of falling in the shower and

being moved to medical on November 22nd, 2019 until May 5th, 2020 was ignored at the risk of

my physical well being."

Plaintiff further alleges that Defendant Phillips "in the capacity of supervisor for

[DCDC's] medical department was negligent and failed to provide a safe environment when she

allowed me to remain in administrative segregation with a broken hand from September 26th

through October 5, 2020 instead of having me moved to medical to utilize the handicap

accessible restroom."  He states that during that period he had difficulty showering with the use

of only one hand and was afraid that he would fall again.

As relief, Plaintiff asks for monetary and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the

Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either

in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff

has stated a claim upon which relief can be granted, the Court must construe the complaint in a

light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of*

*Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### *Individual-capacity claim against Defendant Phillips*

Plaintiff alleges that Defendant Phillips "in the capacity of supervisor for [DCDC's]

medical department was negligent and failed to provide a safe environment when she allowed me

to remain in administrative" instead of having him moved to the medical unit. Plaintiff's claim

against Defendant Phillips will be dismissed because he has not alleged that she directly

participated in the events related to this claim. In so finding, the Court notes that the doctrine of

*respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Monell*

*v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*,

69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the

supervisor encouraged the specific incident of misconduct or in some other way directly

participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cty., Ky.*, 668 F.2d 869,

872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than

merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of

employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888,

903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Supervisory liability "must be based on active unconstitutional behavior and cannot be based

upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting

*Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

*Remaining claims*

The Court will allow the official-capacity claims against both Defendants, as well as the individual-capacity claims against Defendant Thompson to go forward.  In allowing these claims to continue past initial screening, the Court passes no judgment on the ultimate merit of these claims.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claim against Defendant Phillips in her individual capacity is **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will enter a separate Order Directing Service and Scheduling Order to govern the development of the remaining claims.

Date: February 23, 2021

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Daviess County Attorney
4414.009

4